**Maureen DALIESSIO, Plaintiff,**

v.

**DePUY, INC. et al., Defendants.**

**No. CIV.A. 96–5295.**

United States District Court,
E.D. Pennsylvania.

March 24, 1998.

Leo A. Hackett, Media, PA, for Maureen Daliessio.

Michael D. Homans, Drinker, Biddle & Reath, Philadelphia, PA, Blake J. Burgan, Barnes and Thornburg, Indianapolis, IN, for DePuy, Inc.

Michael D. Homans, Drinker, Biddle & Reath, Philadelphia, PA, Blake J. Burgan, Michael A. Moffatt, Barnes and Thornburg, Indianapolis, IN, for DePuy Orthopaedics, Inc.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

On January 23, 1998, the Court granted defendants S.L. Henson & Associates and Steven L. Henson ("Henson defendants") and defendant DePuy, Inc.'s motions to dismiss plaintiff's employment discrimination claims for lack of subject matter jurisdiction, and judgment was entered in favor of defendants and against plaintiff. Henson defendants subsequently filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") against plaintiff. On February 26, 1998, the Court denied that motion on the grounds that Henson defendants failed to file their Rule 11 motion before the entry of final judgment, as required by the supervisory rule adopted by the Third Circuit in Mary Ann Pensie-ro, Inc. v. Lingle, 847 F.2d 90, 99–100 (3d Cir.1988). Before the Court is defendants S.L. Henson & Associates and Steven L. Henson's ("Henson defendants") motion for reconsideration of the Court's denial of Henson defendants' motion for sanctions pursuant to Rule 11.

The Henson defendants contend that the 1993 amendments to Rule 11, providing a 21–day "safe harbor" before motions for Rule 11 sanctions may be filed,[1] essentially overruled the Third Circuit's supervisory rule announced in Pensiero. Specifically, the Henson defendants argue that in a case where the court could not determine the merit of the Rule 11 claim until it had decided the motion to dismiss for lack of jurisdiction, the 1993 Amendments' requirement that a Rule 11 motion be served upon the offending party prior to sanctions being requested from the Court satisfies the Pensiero requirement that the Rule 11 motion be filed before the entry of final judgment.

▪ The Court disagrees. The purpose of the 1993 Amendments to Rule 11 was to discourage satellite sanctions litigation by requiring notice to the adverse party of the infirmity of a pleading, and, thus, allow the offending party an opportunity for corrective action prior to the invocation of sanctions. Fed.R.Civ.P. 11(b), (c) advisory committee's notes para. 14, 1993 amendments; Progress Fed. Sav. Bank v. Lenders Ass'n, Inc., No. 94–7425, 1996 WL 57942, at *2 (E.D.Pa. Feb. 12, 1996); Brenner Tool & Die, Inc. v. Crest Ultrasonics Corp., No. 93–6205, 1995 WL 80144, *1 (E.D.Pa. Feb. 27, 1995). See also, Howard A. Cutler, A Practitioner's Guide to the 1993 Amendments to Federal Rule to Civil Procedure 11, 67 Temple L.Rev. 265, 294 (1994).

▪ By contrast, the purpose of the Pensiero rule was to eliminate piecemeal or serial appeals in the same case by affording the district courts the opportunity to decide the Rule 11 issues at the same time as it decided

---

1. The 1993 amendments to Rule 11 provide:
   [The Rule 11 motion] shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.
   Fed.R.Civ.P. 11 (1993).

the merits of the case. *Pensiero,* 847 F.2d at 99.

Therefore, the Court concludes that because the 1993 Amendments and the *Pensiero* rule were intended to serve separate purposes, serving a Rule 11 motion upon an adverse party, but not filing the motion with the Clerk, does not satisfy the *Pensiero* supervisory rule requirement that Rule 11 motions be filed prior to the entry of final judgment.

## ORDER

**AND NOW,** this **24th** day of **March, 1998,** upon consideration of defendants S.L. Henson and Associates, Inc. and Steven L. Henson's motion for reconsideration, it is hereby **ORDERED** that defendants' motion for reconsideration (doc. no. 77) is **DENIED** for the reasons stated in the accompanying memorandum of this date.

**AND IT IS SO ORDERED.**

